**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| ELLIOTT HERRON, | ) | |
| | ) | |
| Plaintiff, | ) | No. 19 C 50176 |
| | ) | |
| v. | ) | Honorable John Z. Lee |
| | ) | Judge Presiding |
| BRADY REVENIQ, et al., | ) | |
| | ) | Magistrate Judge Lisa A. Jensen |
| Defendants. | ) | |

**ANSWER TO PLAINTIFF'S COMPLAINT**

NOW COMES the defendant BRADY REVENIQ, by and through his attorney KWAME RAOUL, Attorney General of the State of Illinois, and for his Answer to Plaintiff's Complaint states the following:

1. That on February 12, 2019 at approximately 7:00 p.m. while in my cell watching t.v., a group of inmates were gathered around in front of my cell signing and making all sort of noises.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph.

2. That I decided that I would confront these inmates, so I got up and went to the door. I asked said inmates that if they didn't mind could they please keep down the noise that I was trying to listen to my t.v.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph.

3. That said inmates responded that if I didn't mind my own business that they would beat my ass, and that they would get up with me later. I certainly took those remarks as a threat.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph.

4. That once these inmates left from in front of my cell, I got up and went to the officers control bubble. I told the floor Officer Reveniq that I had been threatened by a group of

inmates and that I was concerned and afraid for my safety.

**ANSWER:    Deny.**

5. That c/o Reveniq responded that there was nothing that he could do for me unless there was some kind of actual physical harm done to me by these inmates. C/O Reveniq also assured me to not to worry too much about this. That these inmates were just "blowing off steam". "That's what they do. They will eventually calm down and go about their business".

**ANSWER:    Deny.**

6. That later that evening, I was attacked and physically beaten by these same inmates.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph.**

7. That do to this lack of concern by Reveniq I was badly beaten by these same inmates for no other reason other than the confrontation that took place earlier at my cell.

**ANSWER:    Deny.**

## COUNT I
### Eighth Amendment Cruel and Unusual Punishment

8. Plaintiff incorporates paragraphs 1 through 7 of the factual overview as if they were fully set forth herein as paragraph 1 of this Count I.

**ANSWER:    Defendant restates his Answers to paragraphs 1 through 7.**

9. The Constitution imposes on prison and jail officials a duty to protect: to "take reasonable measure to guarantee the safety of inmates" and to protect them from violence at the hands of other inmates.

**ANSWER:    This paragraph states a legal conclusion to which no answer is required. To the extent which an answer is required, Defendant denies violating any of Plaintiff's Constitutional rights.**

10. Plaintiff suffered and continues to suffer great physical injury, grievous bodily harm, including a strong possibility of "permanent vision lost", extreme pain as a proximate result of defendants' deliberate indifference in protecting him from physical harm by other inmates. (See Exhibits D & E)

**ANSWER:** **Defendant denies that any of Plaintiff's alleged injuries are a result of Defendant's actions or inaction and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the above paragraph.**

11. Pursuant to due Eighth Amendment of the United States Constitution, made applicable to the states by the Fourteenth Amendment. Plaintiff has the right to be free from cruel and unusual punishment.

**ANSWER:** **This paragraph states a legal conclusion to which no answer is required. To the extent which an answer is required, Defendant denies violating any of Plaintiff's Constitutional rights.**

12. The action and omissions by the defendants complained of herein violates rights seemed to plaintiff by the Eighth Amendment and Fourteenth of the United States Constitution by subjecting plaintiff to cruel and unusual punishment.

**ANSWER:** **Deny.**

### COUNT II
### Intentional Infliction of Emotional Distress

13. Plaintiff incorporates paragraphs 1 through 12 of the factual overview as if they were fully set forth herein as paragraph 1 of this Count II.

**ANSWER:** **Defendant restates his Answers to paragraphs 1 through 12.**

14. Plaintiff suffered and continues to suffer great physical injury, grievous bodily harm and extreme pain as a direct and proximate result of defendant deliberate indifference to his physical condition and emotional state.

**ANSWER:** **Defendant denies that any of Plaintiff's alleged injuries are a result of Defendant's actions or inaction and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the above paragraph.**

15. Defendants have a duty to take reasonable care to avoid causing emotional distress to plaintiff.

**ANSWER:** **This paragraph states a legal conclusion to which no answer is required. To the extent which an answer is required, Defendant denies violating any of Plaintiff's Constitutional rights.**

16. Defendants failed in their duty and unreasonably caused plaintiff emotional distress.

**ANSWER:   Deny.**

### RELIEF

      Plaintiff respectfully request that the Court enter a judgment in favor of Plaintiff and against each of the Defendants for (i) actual or compensatory damages in an amount greater than the minimal jurisdictional amounts for this could and (ii) Additionally, because the Defendants acted maliciously willfully, wantonly and/or reckless and extreme disregard for Plaintiff's constitutional rights, Plaintiff request that he be awarded punitive damages in an amount of $5,000,000.

**ANSWER:   Deny.**

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense

At all times relevant herein, Defendant acted in good faith and in furtherance of lawful objectives without violating Plaintiff's clearly established statutory or constitutional rights of which a reasonable person would have known.  Defendant is therefore protected from suit by the doctrine of qualified immunity.

#### Second Affirmative Defense

Defendant's personal involvement has not been established with sufficient specificity to state a claim upon which relief can be granted.

#### Third Affirmative Defense

Plaintiff has not exhausted available administrative remedies as required by 42 U.S.C. 1997(e) and therefore, his complaint should be dismissed.

**JURY DEMAND**

Defendant demands a trial by jury on all issues herein triable.

Respectfully submitted,

KWAME RAOUL
Attorney General of Illinois      By:      s/James P. Doran
    JAMES P. DORAN
    Assistant Attorney General
    General Law Bureau
    100 W. Randolph St., 13th Fl.
    Chicago, Illinois 60601
    (312) 814-7202
    jdoran@atg.state.il.us

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that the aforementioned document was mailed on March 10, 2020 via U.S. Mail to Plaintiff Elliott Herron at:

    Elliott Herron, M-01073
    2600 N. Brinton Ave.
    Dixon, IL 61021

    /s/ James P. Doran